# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>Plaintiff,<br><br>v.<br><br>G. BEARD, *et al.*,<br><br>Defendants. | Case No. 1:19-cv-01615-DAD-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO DENY DEFENDANTS' MOTION TO REVOKE PLAINTIFF'S *IN FORMA PAUPERIS* STATUS<br><br>FOURTEEN DAY OBJECTION PERIOD<br><br>(Doc. No. 19) |

This matter was reassigned to the undersigned on November 17, 2020. (Doc. No. 25). Plaintiff Edward B. Spencer ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action filed under 42 U.S.C. § 1983 on November 3, 2019. (Doc. No. 1). On November 20, 2019, the then assigned magistrate judge permitted Plaintiff to proceed *in forma pauperis*. (Doc. No. 7). Pending is Defendants motion to revoke Plaintiff's *in forma pauperis* status filed September 4, 2020. (Doc. No. 19). Defendants claim that Plaintiff has accumulated at least three qualifying strikes and should have been prohibited him from proceeding *in forma pauperis* in this action under 28 U.S.C. § 1915(g). (*Id.*). Plaintiff filed an opposition to Defendants' motion (Doc. No. 24), followed by Defendants' reply (Doc. No. 26).

Under the Prison Litigation Reform Act, prisoners who have "on 3 or more occasions … brought an action or appeal in a court of the United States that was dismissed on the grounds that

it is frivolous, malicious, or fails to state a claim upon which relief may be granted" cannot proceed *in forma pauperis* "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). This "three-strikes rule" was enacted to "help staunch a flood of nonmeritorious prisoner litigation." *Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (internal quotations omitted). "Not all unsuccessful cases qualify as a strike under § 1915(g)." *Andrew*s v. King, 398 F.3d 1113, 1121 (9th Cir. 2005).

Defendants identify four cases that they contend qualify as "strikes" against Plaintiff. (Doc. No. 19 at 4-6). Plaintiff concedes that two of the cases qualify as strikes but contends the other two cases Defendants identify do not. (Doc. No. 24 at 2-3). Plaintiff also generally alleges the "imminent danger" exception to the three-strike bar. (*Id*. at 3). The Court reviews each of the cases cited by Defendants but finds only two qualify as strikes under governing precedent.

### 1. *Spencer v. Sherman, et al.*, No. 1:17-cv- 025-LJO-EPG (E.D. Cal. Apr. 25, 2018)

After screening Plaintiff's first amended complaint, the magistrate judge in *Spencer v. Sherman, et al.*, No. 1:17-CV-1025-LJO-EPG (E.D. Cal.) issued Findings and Recommendations that Plaintiff's first amended complaint be dismissed for failure to state a claim. (Doc. No. 12). The Court adopted those Findings and Recommendations and dismissed the action with prejudice "for failure to state a claim" on April 25, 2018, and judgment was entered the same day. (Doc. Nos. 17, 18). Because 28 U.S.C. § 1915(g) lists failure to state a claim as a strike, and because judgment was entered prior to Plaintiff's present action, the dismissal in *Spencer v. Sherman* counts as Plaintiff's first strike. Plaintiff acknowledges that this case qualifies as a strike. (Doc. No. 24 at 2).

### 2. *Spencer v. Kokol*, No. 1:17-cv-1561-LJO-BAM (E.D. Cal. June 26, 2018)

After screening Plaintiff's first amended complaint, the magistrate judge in *Spencer v. Kokol*, No. CV 1:17-1561 LJO BAM (E.D. Cal.) issued Findings and Recommendations that Plaintiff's first amended complaint be dismissed for failure to state a claim. (Doc. No. 12). The Court adopted those Findings and Recommendations and dismissed the action with prejudice "for failure to state a claim" on June 26, 2018, and judgment was entered the same day. (Doc. Nos. 14, 15). Because 28 U.S.C. § 1915(g) lists failure to state a claim as a strike, and because

2

judgment was entered prior to Plaintiff commencing his present action, the dismissal in *Spencer v. Kokol* counts as Plaintiff's second strike. Plaintiff concedes that this case qualifies as a strike. (Doc. No. 24 at 2).

### 3. *Spencer v. Kokol*, No. 18-16261 (9th Cir. Dec. 5, 2018)

Plaintiff timely appealed the judgment of dismissal of *Spencer v. Kokol,* Case No. 1:17-CV-1025-LJO-EPG (E.D. Cal.), to the Ninth Circuit. (Doc. No. 16). The Court permitted Plaintiff to proceed *in forma pauperis* on appeal, finding the appeal was "not taken in bad faith and is not frivolous." (Doc. No. 20). The Ninth Circuit conducted a *de novo* review and concluded "the district court properly dismissed Spencer's action because Spencer failed to allege facts sufficient to show that defendant was deliberately indifferent to Spencer's health condition." *Spencer v. Kokol*, No. 18-16261, Doc. No. 8 (9th Cir. Dec. 5, 2018). In affirming the district's court's dismissal, the Ninth Circuit did not state that the appeal was either frivolous or malicious.

Defendants argue Plaintiff's unsuccessful appeal in *Spencer v. Kokol* constitutes a strike, and cite to *In re Thomas*, 508 F.3d 1225, 1226-27 (9th Cir. 2007) to argue that "[s]ummarily affirming a final judgment on appeal is comparable to dismissing a frivolous complaint." (Doc. No. 19 at 4). Defendants misstate the Ninth Circuit's opinion. The Ninth Circuit, in addressing the review necessary to determine whether an appeal could proceed in a case where the court has issued a pre-filing review order, stated "[l]ike summarily affirming a final judgment on appeal or dismissing a frivolous complaint, precluding an appellant from proceeding with a petition or appeal pursuant to a pre-filing order restricts access to court, and therefore must be based on adequate justification supported in the record and narrowly tailored to address the abuse perceived." *Id.* at 1227 (internal quotations omitted). The Ninth Circuit did not hold summary affirmances are equivalent to a finding of frivolousness and in no way suggested that an affirmance of a final judgment automatically counts as a strike. Defendants cite no other caselaw to support their argument and indeed precedent holds otherwise.

The Ninth Circuit has further distinguished between *affirming* a lower court's finding on one of § 1915's enumerated grounds and *dismissing* the appeal on one of the enumerated grounds and expressly held that "appellate affirmances do not count as strikes unless the court expressly

3

states that the *appeal itself* was frivolous, malicious or failed to state a claim." *El-Shaddai v. Zamora*, 833 F.3d 1036, 1046 (9th Cir. 2016) (internal quotations omitted) (emphasis added). Because the Ninth Circuit affirmed the district court's finding that the complaint failed to state claim and did not dismiss the *appeal itself* on the basis that the appeal failed to state a claim, the Court finds that the appeal in *Spencer v. Kokol* does not count as a strike.

### 4. *Spencer v. Beeler, et al.*, No. 1:13-cv-1624-LJO-BAM (E.D. Cal. Sept. 22, 2014)

After screening Plaintiff's first amended complaint, the magistrate judge in *Spencer v. Beeler, et al.*, No. 1:13-cv-1624-LJO-BAM (E.D. Cal) found the complaint failed to state a claim and dismissed Plaintiff's complaint "with leave to amend." (Doc. No. 11). The court's order further provided that if plaintiff failed to timely file an amended complaint, the "<u>action will be dismissed for failure to state a claim</u>." (*Id*., ¶ 4) (emphasis in original). Plaintiff filed a timely notice of voluntary dismissal in lieu of amending his complaint. (Doc. No. 12). The matter was consequently dismissed on September 22, 2014 and in ordering closure, the Court directed the Clerk to "reflect voluntary dismissal of this action without prejudice pursuant to Fed. R. Civ. P. 41(a)." (Doc. No. 14 at 2). No judgment was entered. (*See* docket).

Defendants argue that a finding of failure to state a claim counts as a strike even when the Plaintiff subsequently voluntarily dismisses the case, and cite to *Harris v. Mangum*, 863 F.3d 1133 (9th Cir. 2017) in support. (Doc. No. 19 at 4-6). The disputed strikes in *Harris* were cases where the plaintiff was ordered to amend their complaint after screening determined it failed to state a claim. *Harris*, 863 F.3d at 1141-42. When the plaintiff failed to timely file an amended complaint, the court dismissed the matter for failure to comply with a court order. *Id.* The *Harris* court rejected the argument that those cases did not count as strikes because they were dismissed for failure to follow a court order, not for failure to state a claim. *Id.* at 1142. Instead, the *Harris* court noted that because the "dismissal of each of Harris's prior actions rang the PLRA bells of failure to state a claim," the dismissals qualified as strikes. *Id.* at 1142.

*Harris* is distinguishable from the present matter. Plaintiff's complaint in *Spencer v. Beeler* was not dismissed for failure to prosecute or failure to follow court orders, but *voluntarily* dismissed. Indeed, Plaintiff was warned that if he failed to file an amended complaint the court

4

would consider his failure to timely file an amended complaint as a dismissal for failure to state a claim. Instead, Plaintiff timely moved, as was his right, under Fed. R. Civ. P. 41(a). As stated in the Court's acceptance of Plaintiff's voluntary dismissal,

> [U]nder Rule 41(a)(1)(i), a plaintiff has an absolute right to voluntarily dismiss his action prior to service by the defendant of an answer or a motion for summary judgment." *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1077 (9th Cir. 1999) (quotation and citation omitted). "[A] dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." *Id*. at 1078.

(Doc. No. 14 at 1). The Ninth Circuit has not addressed whether a voluntary dismissal following a finding of failure to state a claim counts as a strike, and federal courts across the nation are split. *Avery v. Stainer*, No. 2:18-CV-1302-JAM-ACP, 2021 WL 1153773, at *3 (E.D. Cal. Mar. 26, 2021*), report and recommendation adopted*, No. 2:18-CV-1302-JAM-ACP, 2021 WL 2652117 (E.D. Cal. June 28, 2021) (collecting cases). In considering this issue, the *Avery* court concluded that such voluntary dismissals do not count as strikes because the decision to dismiss was ultimately the plaintiff's, not the court's. *Id.* The undersigned agrees and finds no rationale to penalize a *pro se* prisoner litigant who exercises his procedural right to elect a voluntary dismissal under Fed. R. Civ. P. 41(a)(1) instead of filing an amended complaint under Fed. R. Civ. P. 15(a) after the initial complaint is found deficient. Accordingly, the undersigned finds Plaintiff's voluntary dismissal under Fed. R. Civ. P. 41(a)(1) after being afforded an opportunity to amend his complaint in *Spencer v. Beeler* does not constitute a strike.

      Defendants bear the burden of producing "documentary evidence that allows the district court to conclude that the plaintiff has filed at least three prior actions that were dismissed because they were frivolous, malicious or fail[ed] to state a claim." *Andrew*s v. King, 398 F.3d 1113, 1120 (9th Cir. 2005) (internal quotations omitted). Here, Defendants identify only two qualifying strikes against Plaintiff prior to the date plaintiff initiated the instant action. Because Defendants have not identified three or more qualifying cases as required by § 1915(g), the Court

finds no basis to revoke plaintiff's *in forma pauperis* status.[1]  Consequently, the Court need to consider whether the "imminent danger" exception applies in this case.

Accordingly, it is RECOMMENDED:

Defendants' motion to revoke Plaintiff's *in forma pauperis* status (Doc. No. 19) be denied.

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  July 2, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff has been granted IFP status in subsequently filed cases, and no motions have been filed to revoke his status.  See *Spencer v. Milan*, No. CV 1:20-682 GSA (E.D. Cal); *Spencer v. Jasso et al.*, No. CV 1:20-909 DAD GSA (E.D. Cal); *Spencer v. Pulido-Esparza et al.*, No. CV 1:20-1176 GSA (E.D. Cal); and *Spencer v. Lopez*, No. CV 1:20-1203 JLT (E.D. Cal).