UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>G. BEARD, et al.,<br><br>　　　　Defendants. | No.  1:19-cv-01615-DAD-HBK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DENYING DEFENDANT'S MOTION TO REVOKE PLAINTIFF'S IN FORMA PAUPERIS STATUS<br><br>(Doc. Nos. 19, 27) |

Plaintiff Edward B. Spencer is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On November 20, 2019, the then assigned magistrate judge granted plaintiff's motion to proceed *in forma pauperis*.  (Doc. No. 7.)  On September 4, 2020, defendant C. Carlson filed a motion to revoke plaintiff's *in forma pauperis* status.  (Doc. No. 19.)  Defendant alleges that plaintiff has accumulated at least three qualifying strike dismissals and should have been prohibited from proceeding *in forma pauperis* in this action.  (*Id.*)  Plaintiff filed an opposition to defendant's motion on November 17, 2020, and defendant filed a reply thereto on November 19, 2020. (Doc. Nos. 24, 26.)

/////

1

On July 2, 2021, the assigned magistrate judge issued findings and recommendations concluding that defendant Carlson had failed to identify three qualifying strike dismissals incurred by plaintiff, and that plaintiff's *in forma pauperis* status should not be revoked. (Doc. No. 27.) The findings and recommendations were served on all parties and contained notice that any objections thereto were to be filed within fourteen (14) days. (*Id.* at 6.) Defendant filed objections on July 16, 2021. (Doc. No. 28.)

In his objections, defendant argues that plaintiff received a third strike in *Spencer v. Beeler, et al.*, 1:13-cv-01624-LJO-BAM (E.D. Cal.), despite that case terminating with plaintiff voluntarily dismissing his claim. (*Id.* at 2–3.) In support of this argument, defendant relies on the decision in *Harris v. Mangum*, 863 F.3d 1133 (9th Cir. 2017), the same case he cited in his original motion. (*See id.* at 3; Doc. No. 19-1 at 4–5.) However, as noted in the findings and recommendations, the Ninth Circuit in *Harris* ruled that a certain case counted as a strike where the plaintiff had failed to amend a complaint despite being directed to do so after the court determined the original complaint failed to state a claim. (Doc. No. 27 at 4.) In contrast, plaintiff's prior case brought against defendant Beeler did not end with a dismissal due to plaintiff's failure to prosecute or follow a court order; the case ended because plaintiff *voluntarily* dismissed it. (*Id.*)

As stated in the pending findings and recommendations, the Ninth Circuit "has not addressed whether a voluntary dismissal following a finding of failure to state a claim counts as a strike, and federal courts across the nation are split." (Doc. No. 27 at 5) (citations omitted). However, in light of the well-recognized rule that a plaintiff has an absolute right to voluntarily dismiss their action and concluding that nothing in the PLRA dictates a contrary conclusion, the undersigned agrees with the findings and recommendations and "finds no reason to penalize a *pro se* prisoner litigant who exercises his procedural right to elect a voluntary dismissal" by holding that the voluntary dismissal constitutes a strike. (*Id.*) (citations omitted).

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of this case. Having carefully reviewed the entire file, including the defendant's

/////

objections, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on July 2, 2021 (Doc. No. 27) are adopted in full;

2. Defendant's motion to revoke plaintiff's *in forma pauperis* status (Doc. No. 19) is denied; and

3. This case is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated:   **August 5, 2021**              /s/ Dale A. Drozd
                                          UNITED STATES DISTRICT JUDGE