UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD B. SPENCER,<br><br>                Plaintiff,<br><br>    v.<br><br>C. CARLSON,<br><br>                Defendant. | Case No. 1:19-cv-01615-DAD-HBK<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT IN PART AND DENY IN PART PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES[1]<br><br>(Doc. No. 33)<br><br>FOURTEEN-DAY OBJECTION PERIOD |

      Plaintiff Edward B. Spencer, a state prisoner, is proceeding *pro se* and *in forma pauperis* on his First Amended Complaint stemming from events that allegedly occurred while Plaintiff was confined at the Californian Substance Abuse and Treatment Facility ("CSATF"). (Doc. No. 14). The First Amended Complaint asserts a First Amendment retaliation claim and a violation of California's Bane Act against Defendant Carlson, a correctional officer at CSATF. Defendant filed an answer to the first amended complaint asserting eight affirmative defenses. (Doc. No. 31). Pending before the Court is Plaintiff's motion to strike all eight of Defendant's affirmative defenses filed September 13, 2021. (Doc. No. 33). Defendant filed a timely response in

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and Local Rules 302(c)(1), (c)(17) (E.D. Cal. 2022).

opposition on March 2, 2022.[2] (Doc. No. 45). Plaintiff has not filed a reply to the response and the time to do so has now passed. Local Rule 123(d) (E.D. Cal. 2022).

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 8(c) requires the responding party to "affirmatively state any avoidance or affirmative defense" and then provides a nonexhaustive list of affirmative defenses that may be pled in response to vitiate the plaintiff's claim. Fed. R. Civ. P. 8(c)(1); *Jones v. Bock*, 549 U.S. 199, 212 (2007) (finding list "nonexhaustive"). An affirmative defense is an assertion of facts that if proven would defeat or reduce the stated claim. Thus, allegations that merely claim the plaintiff cannot meet its burden of proof or merely reserves the right to identify future defenses is not a proper affirmative defense. *See Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Under Federal Rule of Civil Procedure 12(f), courts "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." *Petrie v. Elec. Game Card, Inc.*, 761 F.3d 959, 966-67 (9th Cir. 2014) (internal quotations omitted). As a general rule, an affirmative defense may be deemed insufficient either as a matter of law or as a matter of pleading. *Gomez v. J. Jacobo Farm Labor Contr., Inc*., 188 F. Supp.3d 986, 991 (E.D. Cal. 2016). A legally insufficient affirmative defense "lacks merit under any set of facts the defendant might allege." *Id*. As a matter of pleading, the Ninth Circuit has long held that an affirmative defense is insufficient as a matter of pleading if it fails to give the plaintiff "fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979); *Gomez*, 188 F.Supp.3d at 991.[3] "'[T]he fair notice' required by the pleading standards only requires describing [an affirmative] defense in 'general terms.'" *Kohler v. Flava Enters., Inc.*, 779 F.3d

---

[2] On October 31, 2021, this Court stayed the case to allow the parties time to consider participating in alternative dispute resolution. (Doc. No. 37). On February 16, 2022, the Court lifted the stay and directed Defendant to file his response to Plaintiff's motion to strike within fourteen (14) days. (Doc. No. 44).
[3] Plaintiff advocates that the *Twombly* "plausibility standard" applies in determining the sufficiency of the defense. (Doc. No. 33 at 3). The undersigned has located only one circuit court to adopt the plausibility standard. *See GEOMC Co. v. Calmare Therapeutics Inc*., 918 F. 3d 92, 97-98 (2d Cir. 2019). Unlike Fed. R. Civ. P. 8(a) which requires a "showing," Rule 8(c) requires only that the pleader "affirmatively state." Thus, the undersigned applies the "fair notice" standard adopted by the Ninth Circuit in *Wyshak*, until binding precedent dictates otherwise.

1016, 1019 (9th Cir. 2015); *Gomez*, 188 F.Supp.3d at 991.  "Fair notice … requires that the defendant state the nature and grounds for the affirmative defense."  *Gomez*, 188 F.Supp.3d at 992; *United States v. Gibson Wine Co.*, 2016 U.S. Dist. LEXIS 55053, *13, 2016 WL 1626988 (E.D. Cal. Apr. 25, 2016).  Although the fair notice bar is "low" and does not require "great detail" it does require "some factual basis for its affirmative defense."  *Gomez*, 188 F.Supp.3d at 992; *Gibson Wine*, 2016 U.S. Dist. LEXIS 55053 at *13, 2016 WL 1626988.  Thus, bare references to doctrines or statutes are unacceptable because they "do not afford fair notice of the nature of the defense pleaded."  *Gomez*, 188 F.Supp.3d at 992; *Gibson Wine*, 2016 U.S. Dist. LEXIS 55053 at *14, 2016 WL 1626988.

## II. ANALYSIS

The undersigned addresses each challenged affirmative defense and defendant's opposition in seriatim.

### A. First Affirmative Defense: Qualified Immunity

As his first affirmative defense, Defendant asserts his "actions were reasonable and not in violation of any clearly established right" and "is entitled to qualified immunity." (Doc. No. 31 at 3, ¶1).  Plaintiff argues Defendant's denial of an element of Plaintiff's claim is not an affirmative defense, and that Defendant has the burden to prove he is entitled to qualified immunity.  (Doc. Nos. 33 at 3).  As a result, Plaintiff concludes that the Court should strike Defendant's affirmative defense of qualified immunity.

Qualified immunity is an alternative defense that must be pled in an answer. *Norwood v. Vance*, 591 F.3d 1062, 1075 (9th Cir. 2010).  The undersigned cannot discern on what basis Plaintiff seeks to strike Defendant's qualified immunity affirmative defense.  While Defendant has the burden of demonstrating qualified immunity, that burden is not a basis to strike the affirmative defense.  The undersigned does not reasonably construe Plaintiff's argument as meaning that he does not have fair notice of the qualified immunity defense.  Consequently, the undersigned recommends the district court deny Plaintiff's motion to strike Defendant's first affirmative defense based on qualified immunity.

///

**B. Second Affirmative Defense: Presentment Under the California Government Claims Act**

As his second affirmative defense, Defendant asserts Plaintiff failed to "present timely claims under the California Government Claims Act" thus banning his Bane Act claim. (Doc. No. 31 at 3, ¶2). Plaintiff argues Defendant's affirmative defense under the California Government Claims Act should be stricken because he did present a timely claim under the California Government Claims Act. (Doc. Nos. 31 at 3; 33 at 3). Plaintiff provides a copy of the claim he submitted to state officials which bears a date of April 22, 2019. (Doc. No. 33 at Exhibit A).

In response, Defendant states a copy of Plaintiff's Government Claims Act claim was not included as an exhibit in his original or first amended complaint. Nonetheless, Defendant contends that even if the likelihood of success of this affirmative defense is minimal, the merits of his affirmative defense are not grounds to strike it. (Doc. No. 45 at 6).

The Court concurs. "Courts do not strike affirmative defenses because they will fail. The decision to strike is a question of notice to plaintiff, not the likelihood of success on the merits." *Smith v. Cobb*, 2017 WL 3887420, *5 (S.D. Cal. Sep. 5, 2017). Regardless of the likelihood of success of this affirmative defense, that is not an appropriate basis to strike it. The undersigned recommends the district court deny Plaintiff's motion to strike Defendant's second affirmative defense based on presentment under the California Claim Act.

**C. Defendant's Third Affirmative Defense: Statutory Immunities**

As his third affirmative defense, Defendant asserts "statutory immunities, including those provided by California Government Code §§ 820.2 and 854.6. (Doc. No. 31 at 3 ¶3). Plaintiff argues that Defendant does not have any statutory immunity because he is being sued in his individual capacity. (Doc. No. 33 at 3).

Defendant voluntarily withdraws his affirmative defense based on Cal. Gov't Code § 854.6. (Doc. No. 45 at 7). Based on Defendant's express withdrawal, Plaintiff's motion to strike Defendant's third affirmative defense as it relates to Cal. Gov't Code § 854.6 is moot.

Defendant opposes Plaintiff's motion to strike his third affirmative defense based on Cal.

1  Gov't Code § 820.2.  (Doc. No. 45 at 7).  While Defendant concedes that California statutory immunity is not available against Plaintiff's § 1983 claim, Defendant argues the affirmative defense applies, and was correctly asserted in his answer, to Plaintiff's claim seeking monetary relief under the California Bane Act.  *Id.*; (*see also* Doc. No. 14 at 9-11).

The Court construes this affirmative defense as an assertion of state immunity to Plaintiff's state law claim predicated upon the Bane Act.  Similar to this Court's reasoning of qualified immunity stated *supra*, this Court cannot reasonably construe Plaintiff's argument as meaning that he does not have fair notice of this immunity defense.  Defendant points to the specific statutory code he is referencing for immunity, thus giving Plaintiff sufficient notice to meet his pleading requirements.  *See Vargas v. City of Yolo*, 2016 WL 3916329, at *6 (E.D. Cal. July 20, 2016); *see also Wallis v. Spencer*, 202 F.3d 1126, 1144 (9th Cir. 2000).

The undersigned recommends the district court find Plaintiff's motion to strike Defendant's third affirmative defense of immunity as it relates to Cal. Gov't Code § 854.6 moot, but deny the motion as to Defendant's third affirmative defense of immunity based on Cal. Gov't Code § 854.6.

**D. Defendant's Fourth Affirmative Defense: Plaintiff's Contributory Negligence**

As his fourth affirmative defense, Defendant asserts "Plaintiff caused and contributed to his claimed injuries and damages . . .."  (Doc. No. 31 at 3 ¶4).  Plaintiff moves to strike Defendant's affirmative defense that Plaintiff was contributorily negligent on the basis that the affirmative defense does not apply to his § 1983 claim.  (Doc. No. 33 at 4).  Additionally, Plaintiff argues the affirmative defense should be stricken because Defendant fails to state facts or law in support.  (*Id.*).

Defendant voluntarily withdraws this affirmative defense.  (Doc. No. 45 at 8).  Thus, the Court need not address the viability of this affirmative defense.  Based on Defendant's express withdrawal, the undersigned recommends that the district court find Plaintiff's motion to strike Defendant's fourth affirmative defense moot.

**E. Defendant's Fifth Affirmative Defense: Contributory Negligence of Third Parties**

As his fifth affirmative defense, Defendant asserts "other persons caused and contributed

to Plaintiff's claimed injuries and damages . . ..." (Doc. No. 31 at 3 ¶5).

Plaintiff moves to strike Defendant's fifth affirmative defense that third parties were contributorily negligent to Plaintiff's injuries and damages because Defendant does not provide any facts to support it. (Doc. Nos. 33 at 4). Additionally, Plaintiff argues Defendant fails to provide any legal support in support of this affirmative defense. (*Id.*).

Defendant voluntarily withdraws his fifth affirmative defense. (Doc. No. 45 at 8). Thus, the Court need not address the viability of this affirmative defense. Based on Defendant's express withdrawal, the undersigned recommends that the district court find Plaintiff's motion to strike Defendant's fifth affirmative defense moot.

### F.  Defendant's Sixth Affirmative Defense: Plaintiff's Failure to Mitigate

As his sixth affirmative defense, Defendant asserts "Plaintiff has failed to mitigate his damages." (Doc. No. 31 at 3 ¶6). Plaintiff moves to strike Defendant's affirmative defense that Plaintiff failed to mitigate his damages because Defendant did not establish that Plaintiff had a duty to mitigate. (Doc. No. 33 at 4). Plaintiff further argues Defendant's affirmative defense is conclusory and fails to provide any factual allegations that Plaintiff failed to mitigate.

Defendant responds that he provided sufficient "fair notice" through a generalized statement and that he "is not required to plead additional factual bases to put plaintiff on more detailed notice of the defense." (Doc. No. 45 at 8).

A failure to mitigate "generally arises when an injured party could have prevented the continuation or enhancement of the injury." *J&J Sports Prods., Inv. v. Delgado*, 2011 WL 219594, *2 (E.D. Cal. Jan. 19, 2011). Here, the Defendant's affirmative defense is conclusory and fact barren. The Court recognizes that affirmative defenses need very little, if any, facts to support them. *Wysack*, 607 F.2d at 827 (holding that an answer that simply alleged "plaintiff's claims are barred by the applicable statute of limitations" along with an attached memorandum that specified Cal. Code Civ. P. § 338.1 as the applicable limitations period was sufficient to give the plaintiff "fair notice"). However, there are myriad ways in which a plaintiff can fail to mitigate damages. Presumably Defendant is in possession of facts that reasonably suggest a failure to mitigate. A brief description of that factual basis should be included so that this defense

6

is not "fact barren." *Gomez*, 188 F.Supp.2d at 992.  Because the affirmative defense does not give any inkling as to how Plaintiff failed to mitigate his damages, fair notice is not given. *See DeSalvo v. Islands Rest., L.P.*, 2020 U.S. Dist. LEXIS 125922, *15, 2020 WL 4035071 (C.D. Cal. July 16, 2020) (striking a failure to mitigate affirmative defense because no factual basis of any kind was pled); *Dodson v. CSK Auto, Inc.*, 2013 U.S. Dist. LEXIS 106817, 2013 WL 3942002, *2 (E.D. Cal. Jul. 30, 2013); *Kohler v. Staples the Officer Superstore, LLC*, 291 F.R.D. 464, 469 (S.D. Cal. 2013); *Kaur v. City of Lodi*, 2016 WL 627308 *5 (E.D. Cal. Feb 17, 2016) (ruling that Defendants properly asserted an affirmative defense for plaintiff's failure to mitigate damages because defendants explained in their affirmative defense that plaintiff failed to mitigate emotional damages because she did not seek counseling); *cf. Guirgois v. U.S. Bank, N.A.*, 2021 U.S. Dist. LEXIS 37379, *9, 2021 WL 779111 (W.D. Was. Mar. 1, 2021) (refusing to strike mitigation affirmative defense where the factual grounds for the defense, a failure to accept a modification agreement, was identified); *Gomez*, 188 F.Supp.3d at 1003 (striking without prejudice an inapplicable mitigation defense but requiring any amendment to explain the factual and legal basis for the mitigation defense).  Because the sixth affirmative defense is fact barren, the undersigned recommends the district court grant Plaintiff's motion to strike Defendant's sixth affirmative defense, without prejudice, to amend his answer should he be able to plead facts in support the affirmative defense.

### G. Defendant's Seventh Affirmative Defense: Reduction of Damages/Offset

As his seventh affirmative defense, Defendant asserts, "Plaintiff's damages, if there were any damages, must be offset and reduced by any collateral source provision of services or payments made or obligated to be made."  (Doc. No. 31 at 3, ¶7).

Plaintiff argues Defendant's affirmative defense for reduction of damages is irrelevant to Plaintiff's claim.  (Doc. No. 33 at 4).  Plaintiff also states he "has not specified an amount of damages, the damages is to be determined at trial." (*Id.*).

Defendant responds that under the California Code of Regulations, the "California Department of Corrections is entitled to deduct from an inmate's recovery 'any obligation pursuant to a direct order of restitution imposed by the court' on the inmate."  (Doc. No 45 at 8-9)

(citing and quoting Cal. Code Regs. tit. 15, § 3097). Defendant also asserts that offset of restitution is an affirmative defense. (*Id*. at 9). In support, Defendant cites to *Jacobson v. Persolve, LLC* where the court found offset as an appropriate affirmative defense in a case involving the Fair Debt Collection Practices Act. 2014 WL 4090809, *1, *9 (N.D. Cal. Aug. 19, 2014). While Defendant is correct that *Jacobson* upheld offset as an affirmative defense, the defendants in *Jacobson* gave Plaintiff notice in a letter of the amount that would be offset. *Id.* at 9 ("[Defendant] Persolve's offset defense states: 'Defendant contends that any recovery by Plaintiff be offset by the amount owed to Defendant.' ECF No. 24 at 9. [Defendant] Stride Card's offset defense adds that '[s]uch amount was set forth in the letter that was sent to Plaintiff.'"); *see also Borges v. County of Humboldt*, 2017 WL 4552006, *1 (N.D. Cal. Oct. 12, 2017) (finding that offset is an affirmative defense) (internal citations omitted).

Here, unlike the defendants in *Jacobson*, Defendant does not give Plaintiff notice of the amount that would be offset. Nor does Defendant state that the amount to be offset is related to the restitution amount Plaintiff owes. While Defendant can assert offset as an affirmative defense, Defendant needs to give notice of the amount that would be offset. *See Id*. Therefore, the undersigned recommends the district court grant Plaintiff's motion to strike Defendant's seventh affirmative defense, without prejudice, to Defendant clarifying that the offset is limited to the amount due by Plaintiff for restitution.[4]

**H. Defendant's Eighth Affirmative Defense: Right to Assert Additional Defenses**

As his eighth affirmative defense, Defendant asserts that due to the fact that "the First Amended Complaint is couched in conclusory terms" Defendant "reserves the right to assert additional defense." (Doc. No. 31 at 3, ¶8).

Plaintiff moves to strike Defendant's eighth affirmative defense, arguing that it is an improper affirmative defense. (Doc. No 33 at 5).

Defendant's response does not address Plaintiff's motion to strike his eighth affirmative defense. (*See generally* Doc. No. 45). The Court agrees with Plaintiff. A "reservation of

---

[4] As of the date of his Inmate Statement Report, Plaintiff owed a balance of $6553.46 in restitution. (Doc. No. 6 at 2).

affirmative defenses" is not an affirmative defense. *Hartford Underwriters Ins. Co. v. Kraus USA, Inc.*, 313 F.R.D. 572, 578 (N.D. Cal. 2016); *EEOC v. Timeless Invs., Incl*, 734 F.Supp.2d 1035, 1055 (E.D. Cal. 2010). Therefore, the undersigned recommends the district court grant Plaintiff's motion to strike Defendant's Eighth affirmative defense asserting a right to raise additional defenses.

## CONCLUSION

Generally, where a court strikes an affirmative defense, leave to amend should be given in order to attempt to cure the deficiency so long as there is no prejudice. *Wyshak*, 607 F.2d at 826; *Gomez*, 188 F.Supp.3d at 993. The undersigned independently cannot find prejudice given the procedural posture of this case. Thus, the undersigned recommends the district court follow the general rule and permit Defendant a limited time to file an amended answer to attempt to cure the pleading deficiencies discussed above. However, because the undersigned concludes that the flaws with Defendant's eighth affirmative defense (reservation of affirmative defenses) cannot be cured, dismissal of that affirmative defense should be without leave to amend.

Based on the foregoing, the undersigned **RECOMMENDS**:

1. Plaintiff's motion to strike be GRANTED as to Defendant's following affirmative defenses: sixth (failure to mitigate) and seventh (reduction of damages) and eighth (right to assert additional defenses) and Defendant's sixth and seventh affirmative defenses be STRICKEN <u>without</u> <u>prejudice</u> and Defendant be granted leave to amend these defenses but Defendant's eighth affirmative defense be STRICKEN <u>with</u> <u>prejudice</u>;

2. Plaintiff's motion to strike be deemed MOOT as to Defendant's following affirmative defenses that were withdrawn: third (but only state immunity under Cal. Gov't Code § 854.6), fourth (Plaintiff's contributory negligence) and fifth (contributory negligence of third parties);

3. Plaintiff's motion to strike be DENIED as to Defendant's following affirmative defenses: first (immunity), second (presentment under California Government Claims Act), and third (but only as to state immunity based on Cal. Gov't Code § 820.2).

NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within **fourteen (14) days** after being served with these findings and recommendations, a party may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (*citing Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     March 28, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE